## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANIEL HUNTER, individually and on behalf of those similarly situated, 536 Renaissance Drive Pine Hill, NJ 08021 | CIVIL ACTION NO.: |
| Plaintiff, | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME WAGES UNDER FLSA |
| v. | |
| LASMILE LOGISTICS, LLC 47 Reed Dr S. Princeton Junction, NJ 08550 | INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME WAGES UNDER THE NEW JERSEY WAGE AND HOUR LAW |
| Defendants | INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER THE NEW JERSEY WAGE PAYMENT LAW |
| and | |
| KALYAN SESHAN c/o LASMILE LOGISTICS, LLC 47 Reed Dr S. Princeton Junction, NJ 08550 | INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER NEW JERSEY COMMON LAW |
| Defendants | **JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiff Nathaniel Hunter (hereinafter referred to as "Named Plaintiff"), individually and on behalf of those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Lasmile Logistics, LLC (hereinafter referred to as "Defendant Lasmile") and Defendants Kalyan Seshan (hereinafter referred to as "Defendant Seshan") ("Defendant Lasmile" and "Defendant Seshan" are hereinafter collectively referred to as "Defendants".

**INTRODUCTION**

1.      Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Law ("NJWPL"), and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime compensation as a result of Defendants' uniform policy and/or practice of:  auto-deducting from hours worked periods of time for meal breaks not taken but "worked through," failing to pay for hours worked beyond the scheduled hours, and failing to pay proper overtime wages by failing to include shift differentials when determining the regular rate, in violation of the FLSA, the NJWHL, and the NJWPL.

**JURISDICTION AND VENUE**

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over Named Plaintiff's federal claims because this civil action arises under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.

4.      This Court has supplemental jurisdiction over related state law claims, because the claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

5.      This Court may properly maintain personal jurisdiction over Defendants, because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

6.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants is deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## PARTIES

7.      The foregoing paragraphs are incorporated herein as if set forth in full.

8.      Named Plaintiff is an adult individual with an address as set forth above.

9.      Defendant Lasmile is a New Jersey company that owns and operates a business at the address set forth in the caption.

10.     Defendant Seshan is the owner of Defendant Lasmile, and is also the individual who makes with regard to payroll within Defendant Lasmile.

11.     At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees of Defendants who work or worked for Defendants as "Drivers" and/or in other non-exempt, hourly positions, who are/were subject to Defendants' pay practices and policies described herein and who worked for Defendants at any point during period beginning three years preceding the date that the instant action was initiated through the present (the members of this putative class are referred to as "Collective Plaintiffs").

13.     Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendants within the last three years whom Defendants required to work overtime hours and then failed to properly pay overtime wages as required by the ("FLSA").

14.     There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.  Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (New Jersey Wage and Hour Law ("NJWHL"))

16.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

17.     Named Plaintiff brings claims asserting violations of the NJWHL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all persons presently and formerly employed as hourly employees of Defendants who work or worked for Defendants as "Drivers" and/or in other non-exempt, hourly positions, who are or were subject to Defendants' pay practices and policies described herein and who worked for Defendants at any point during the period beginning six (6) years preceding the date that the instant action was initiated through the present (the members of this putative class are also referred to as "WHL Plaintiffs").

18.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

19.     Named Plaintiff's claims are typical of the claims of the WHL Plaintiffs, because Named Plaintiff, like all WHL Plaintiffs, was an employee of Defendants within the last six years whom Defendants required to work overtime hours and then failed to properly pay overtime wages as required by the NJWHL.

20.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

21.     Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

22.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

23.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

24.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: (1) whether WHL Plaintiffs received bona fide, uninterrupted, 30-minute meal breaks; (2) whether Defendants failed to properly calculate the regular rate for WHL Plaintiffs; (3) whether Defendants failed to pay WHL Plaintiffs for overtime hours worked beyond scheduled work hours; and (4) whether Defendants had any good faith basis to conclude that their failure to pay WHL Plaintiffs at least 1.5 times their regular rate for overtime hours was legal.

## CLASS ACTION ALLEGATIONS
### (New Jersey Wage Payment Law ("NJWPL")

25.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

26.     Named Plaintiff brings claims asserting violations of the NJWPL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all persons presently and formerly employed as hourly employees of Defendants who work or worked for Defendants as "Drivers" and/or in other non-exempt, hourly positions, who are or were subject to Defendants' pay practices and policies described herein and who worked for Defendants at any point during the period beginning six (6) years preceding the date that the instant action was initiated through the present (the members of this putative class are also referred to as "WPL Plaintiffs").

27.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

28.     Named Plaintiff's claims are typical of the claims of the WPL Plaintiffs, because Named Plaintiff, like all WPL Plaintiffs, was an employee of Defendants within the last six years whom Defendants required to perform work through unpaid meal breaks and outside of scheduled work hours without compensation.

29.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

30.     Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

31.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

33.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: (1) whether WPL Plaintiffs worked through unpaid meal breaks and outside of scheduled work hours without compensation; (2) whether express or implied contracts existed between Defendants and WPL Plaintiffs regarding compensation for hours worked; and (3) whether Defendants had any good faith basis to conclude that its failure to pay WPL Plaintiffs compensation for working through meal breaks and during hours outside their scheduled work hours was legal.

## CLASS ACTION ALLEGATIONS
### (New Jersey Common Law)

34.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

35.     Named Plaintiff brings claims asserting violations of New Jersey Common Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all persons presently and formerly employed as hourly employees of Defendants who work or worked for Defendants as "Drivers" and/or in other non-exempt, hourly positions, who are or were subject to Defendants' pay practices and policies described herein and who worked for Defendants at any point during the period beginning six (6) years preceding the date that the instant action was initiated through the present (the members of this putative class are also referred to as "Common Law Plaintiffs").

36.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

37.     Named Plaintiff's claims are typical of the claims of the Common Law Plaintiffs, because Named Plaintiff, like all Common Law Plaintiffs, was an employee of Defendants within the last six years whom Defendants required to perform work through unpaid meal breaks and outside of scheduled work hours without compensation.

38.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

39.     Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

40.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

42.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: (1) whether Common Law Plaintiffs worked through unpaid meal breaks and outside of scheduled work hours without compensation; (2) whether express or implied contracts existed between Defendants and Common Law Plaintiffs regarding compensation for hours worked; (3) whether Defendants breached its contracts with Common Law Plaintiffs; (4) whether Defendants are liable to Common Law Plaintiffs pursuant to quantum meruit; and (5) whether Defendants have been unjustly enriched by its failure to pay Common Law Plaintiffs for time worked.

## FACTUAL BACKGROUND

43.     The foregoing paragraphs are incorporated herein as if set forth in full.

44.     Hereinafter, Collective Plaintiffs, WHL Plaintiffs, WPL Plaintiffs, and Common Law Plaintiffs are collectively referred to as "Class Plaintiffs."

45.     On or around April 22, 2020, Defendants hired Named Plaintiff as a Driver.

46.     Throughout the course of his employment, Named Plaintiff was assigned to deliver packages on behalf of Amazon, Inc. (hereinafter "Amazon"), stored at Amazon's Belmont, New Jersey warehouse.

47.     Class Plaintiffs were hired by Defendants for the purpose of delivering packages on behalf of Amazon.

48.     Named Plaintiff did not have the authority to hire or fire other employees of Defendants during his employment.

49.     Named Plaintiff did not have the authority to schedule employees of Defendants during his employment.

50.     At all times relevant herein, Defendants considered Named Plaintiff as a non-exempt employee entitled to overtime compensation as required by the FLSA and the NJWHL.

51.     Accordingly, at all times relevant herein Named Plaintiff was a non-exempt employee entitled to overtime compensation as required by the FLSA and the NJWHL.

52.     Class Plaintiffs do/did not have the authority to hire or fire other employees of Defendants.

53.     Class Plaintiffs do/did not have the authority to schedule employees of Defendants.

54.     At all times relevant herein, Defendants considered Class Plaintiffs as non-exempt employees entitled to overtime compensation as required by the FLSA and the NJWHL.

55.     Accordingly, at all times relevant herein Class Plaintiffs are/were non-exempt employees entitled to overtime compensation as required by the FLSA and the NJWHL.

56.     Named Plaintiff regularly worked for Defendants more than 40 hours per workweek.

57.     Class Plaintiffs regularly worked for Defendants more than 40 hours per workweek.

**<u>Failure to Pay Wages for All Hours Worked</u>**

58.     The foregoing paragraphs are incorporated herein as if set forth in full.

59.     While employed with Defendants, Named Plaintiff was scheduled to work from 8:00 am to 6:30 pm.

60.     Nonetheless, Named Plaintiff was advised by Defendants that he was required to deliver all assigned packages prior to the completion of his workday.

61.     As a result, Named Plaintiff typically worked from 8:00 am to 8:30 pm due to the large amount of packages to be delivered.

62.     Accordingly, Named Plaintiff typically worked hours beyond his scheduled work hours.

63.     Class Plaintiffs consistently worked/work beyond their scheduled hours due to Defendants' requirement that they deliver all assigned packages and the large amount of packages assigned to them for delivery.

64.     Defendants were/are aware that Named Plaintiff and Class Plaintiffs consistently worked/work beyond their scheduled hours and that said hours included/include overtime hours.

65.     Nonetheless, Defendants refused/refuses to pay Named Plaintiff and Class Plaintiffs any compensation for the hours they worked/work beyond their scheduled hours.

66.     Moreover, each workday, Defendants automatically deducted/deducts a half-hour from Named Plaintiff's and Class Plaintiffs' pay for an unpaid meal break.

67.     However, due to the large amount of packages assigned to him for delivery every workday, Named Plaintiff rarely, if ever, took a bona-fide, uninterrupted meal break.

68.     Rather, Named Plaintiff often ate lunch while driving his package delivery route.

69.     Likewise, due to the large amount of packages assigned to them for delivery every workday, Class Plaintiffs rarely, if ever, took a bona-fide, uninterrupted meal break.

70.     On at least two occasions, Named Plaintiff advised Defendants that he was unable to take a bona fide meal break.

71.     In response thereto, Defendants advised that he would not get paid for "working through" lunch in line with Defendants' above stated policy to pay only for scheduled work hours.

72.     Defendants knew/knows Class Plaintiffs consistently worked/work through their unpaid meal breaks and that said unpaid work time included overtime hours.

73.     However, Defendants refused to pay Named Plaintiff and Class Plaintiffs (hereinafter collectively "Plaintiffs") for the 30 minutes and/or hours worked beyond their scheduled hours, and thus, failed to compensate Plaintiffs for all hours worked, including at least one and one-half times their regular rates for hours worked in excess of 40 hours in a workweek.

74.     Furthermore, Defendants'f failed to pay Plaintiffs at least one and one-half times their regular rate for hours worked in excess of 40 hours in a workweek.

### Failure to Properly Calculate the Overtime Rate

75.     The foregoing paragraphs are incorporated herein as if set forth in full.

76.     Named Plaintiff earned a base hourly rate of $16.00.

77.     In addition to his hourly rate, Named Plaintiff earned a shift differential of $2.00 per hour for working during certain hours.

78.     Nonetheless, when calculating his total compensation, Defendants based the overtime rate paid to Named Plaintiff on his base rate only, rather than on the regular rate.

79.     Defendants failed to use a "weighted average," by not applying all shift differentials earned by Named Plaintiff, when determining his regular rate, upon which his overtime rate was based.

80.     Accordingly, Defendants paid Named Plaintiff less than 1.5 times his regular rate for hours that Named Plaintiff worked in excess of 40 hours per workweek.

81.     Collective Plaintiffs and WHL Plaintiffs earn/earned a base hourly rate.

82.     In addition to a base hourly rate, Defendants pays/paid Collective and WHL Plaintiffs additional wages in the form of shift differentials depending on the hours they worked.

83.     Yet, Defendants fails/failed to use a "weighted average," by not applying all shift differentials earned by Collective Plaintiffs and WHL Plaintiffs, when determining their regular rates, upon which their overtime rates are/were based.

84.     Accordingly, Defendants pays/paid Collective and WHL Plaintiffs less than 1.5 times their regular rates for hours worked in excess of 40 hours in a workweek.

85.     Defendants' conduct regularly injures/injured Class Plaintiffs in this way throughout their employment with Defendants.

86.     Defendants' practice of not applying all shift differentials to determine the regular rate consistently occurred in the vast majority, if not all, pay periods that Named Plaintiff, Collective Plaintiffs, and WHL Plaintiffs work/worked, save only the pay periods where they did not work overtime hours or earn shift differential wages.

87.     As a result of Defendants' aforesaid illegal actions, Plaintiffs have suffered damages.

**COUNT I**
**Violations of the Fair Labor Standards Act (FLSA)**
**(Failure to Pay Proper Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

88.     The foregoing paragraphs are incorporated herein as if set forth in full.

89.     At all times relevant herein, Defendants was an "employer" within the meaning of the FLSA.

90.     At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

91.     At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

92. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each overtime hour worked.

93. Defendants failed to pay Named Plaintiff and Collective Plaintiffs at least one and one-half times their regular rates due by:

    a. not paying Named Plaintiff and Collective Plaintiffs for all overtime hours worked; and

    b. not including shift differential wages in its calculation of Named Plaintiff's and Collective Plaintiffs' regular rates.

94. Defendants' conduct in failing to properly pay Named Plaintiff and Collective Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

95. Defendants' conduct caused Named Plaintiff and Collective Plaintiffs to suffer damages.

**COUNT II**
**New Jersey Wage and Hour Law ("NJWHL)**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff and WHL Plaintiffs v. Defendants)**

96. The foregoing paragraphs are incorporated herein as if set forth in full.

97. At all times relevant herein, Defendants has and continues to be an employer within the meaning of the NJWHL.

98. At all times relevant herein, Named Plaintiff and WHL Plaintiffs were/are employed by Defendants as "employees" within the meaning of the NJWHL.

99. At all times relevant herein, Defendants is/was responsible for paying wages to Named Plaintiff and WHL Plaintiffs.

100. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate for each overtime hour worked.

101.    Defendants failed to pay Named Plaintiff and WHL Plaintiffs at least one and one-half times their regular rates due by:

a.  not paying Named Plaintiff and WHL Plaintiffs for all overtime hours worked; and

b.  not including shift differential wages in its calculation of Named Plaintiff's and WHL Plaintiffs' regular rates.

102.    Defendants' conduct in failing to properly pay Named Plaintiff and WHL Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

103.    As a result of Defendants' unlawful conduct, Named Plaintiff and WHL Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**New Jersey Wage Payment Law ("NJWPL")**
**(Failure to Pay Wages Earned)**
**(Named Plaintiff and WPL Plaintiffs v. Defendants)**

104.    The foregoing paragraphs are incorporated herein as if set forth in full.

105.    At all times relevant herein, Defendants has and continues to be an employer within the meaning of the NJWPL.

106.    At all times relevant herein, Named Plaintiff and WPL Plaintiffs were/are employed with Defendants as "employees" within the meaning of the NJWPL.

107.    At all times relevant herein, Defendants is/was responsible for paying wages to Plaintiffs.

108.    Under the NJWPL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

109.    Named Plaintiff and WPL Plaintiffs had an agreement with Defendants obligating Defendants to compensate them with their hourly rate for every hour worked.

110.    Defendants failed to pay Named Plaintiff and WPL Plaintiffs their hourly wages for non-overtime hours worked (i.e., hours worked between 1 and 40 hours in a workweek) by failing to pay them for working through their unpaid meal breaks or working beyond their scheduled hours.

111.    Defendants' conduct in failing to properly pay Named Plaintiff and WPL Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

112.    As a result of Defendants' unlawful conduct, Named Plaintiff and WPL Plaintiffs have suffered damages as set forth herein.

**COUNT IV**
**<u>Violations of New Jersey Common Law</u>**
**(Named Plaintiff and Common Law Plaintiffs v. Defendants)**
**Quantum Meruit / Unjust Enrichment**

113.    The foregoing paragraphs are incorporated herein as if set forth in full.

114.    Defendants failed to pay Named Plaintiff and Common Law Plaintiffs their hourly wages for non-overtime hours (i.e., hours worked between 1 and 40 hours in a workweek) by failing to pay them for working through their unpaid meal breaks or working beyond their scheduled hours.

115.    Named Plaintiff and Common Law Plaintiffs reasonably expected Defendants to compensate them for performing work during their unpaid meal breaks and beyond their scheduled hours.

116.    Defendants recognized the benefits conferred upon it by Named Plaintiff and Common Law Plaintiffs performing said work.

117.    Defendants accepted and retained the benefits under circumstances that would render such retention inequitable.

118.    Defendants has thereby been unjustly enriched and/or Named Plaintiff and Common Law Plaintiffs have been damaged.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, WHL Plaintiffs, WPL Plaintiffs, and Common Law Plaintiffs pray that this Court enter an Order providing that:

A.    Defendants is to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B.    Defendants is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

C.    Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA for Defendants' illegal actions in an amount equal to their actual damages in this case;

D.    Named Plaintiff and WHL Plaintiffs are to be awarded liquidated damages under the NJWHL for Defendants' illegal actions in an amount equal to 200% of their actual damages in this case;

E.    Named Plaintiff and WPL Plaintiffs are to be awarded liquidated damages under the NJWHL for Defendants' illegal actions in an amount equal to 200% of their actual damages in this case;

F.    Named Plaintiff, Collective Plaintiffs, WHL Plaintiffs, and WPL Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

G.      Named Plaintiffs and Common Law Plaintiffs are to be awarded compensatory damages, pre-judgment and post-judgment interest at the applicable legal rate due to Defendants' breach of the contracts and/or Defendants' unjust enrichment and/or quantum meruit;

H.      Named Plaintiff and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

Respectfully Submitted,

*/s/Manali Arora*
Manali Arora, Esq.
Matthew D. Miller, Esq
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: September 18, 2020